FILED
OCT 1 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DAVID ANGEL SIFUENTES III,
      Plaintiff,

V.

DROPBOX, INC.,
      Defendant.
_____/

CASE NO. 4:20-cv-07908

HON. HAYWOOD S. GILLIAM, JR.
U.S. DISTRICT JUDGE

### PLAINTIFFS OPPOSITION TO COMPEL ARBITRATION

    Now Comes, David Angel Sifuentes III, In Pro Per (hereinafter Sifuentes and or Plaintiff) in opposition to Dropbox (hereinafter Dropbox or Defendant) motion to compel arbitration in filed on September 20, 2021. Sifuentes objects to Dropbox attempt to compel arbitration, as there is no agreement to arbitrate under the 2011 (TOS)'s, Dropbox agreed to go to court, according to the 2011 terms and conditions (TOS) Sifuentes never read , clicked on are accepted any updated terms and condition including any emails sent concerning any changes to the (TOS)'s and the arbitration agreement.

    Sifuentes ask this Court to liberally construe his pleadings, legal documents, arguments and not fault him for not citing are applying the correct case law, statute and applicable laws under *Haines v. Kerner*, 404 U.S. 519 (1972). Pro se litigants can be excused from full compliance with technical procedural rule, provided there is substantial compliance. *Norefleet v. Walker*, 684 F.3d 688 (7th Cir. 2012). Court and staff have a special responsibility to scrutinize carefully pro se complaints. *Chapman v. Kleindienst*, 507 F.2d 1246, 1253 (7th Cir. 1974) (district court has responsibility for finding hidden jury demands in the middle of complaints). A court must accept all allegations of well-plead factual allegations as true, *League Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), and factual allegations alone is what matters. *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2nd Cir. 1988).

    Sifuentes states as follows:

**<u>Opposition and memorandum of law</u>**

    **<u>Facts and law</u>**

1

Sifuentes terms and conditions consists of the 2011 (TOS) where Sifuentes first signed up for Dropbox. Dropbox claims they notified Sifuentes any changes and the arbitration clause of March 2014. However, Sifuentes never opened up any emails, accepted, clicked on any updated (TOS)'s concerning the arbitration agreement and it does not apply as Sifuentes never agreed to arbitrate.

Although Dropbox has changed there, (TOS) from time to time Sifuentes never accepted any of the updated changes are read any of the updated changes. Furthermore, the (TOS) agreement to arbitrate only applies to *first time users.* Sifuentes also to **objects to all of Dropbox's reasons to compel arbitration and to the declaration of Wendy Weber.** Sifuentes is not subject to any arbitration because it does not apply to his case under the (TOS) of 2011. Further facts and reasons not to compel arbitration will be discussed in this pleading.

### i. Plaintiff did not consent to arbitrate no ascension, delegation to any of the twelve updated (TOS)'s no enforceability to arbitrate.

Sifuentes objects to all of Dropbox's reason to compel See docket no. 40 (Defendants Motion to Compel pages 5-17) Sifuentes never assented to any of Dropbox's updated (TOS)'s or agree to any of the new terms are even opened are read any of the emails concerning the new terms and conditions. Sifuentes signed up for Dropbox services in 2011 under the July 2011 (TOS) which did not indicate any arbitration agreement as indicated by Wendy Weber. Docket No. 40 Attachment 1 (Declaration of Wendy Weber Exhibit E Dropbox 2011 Terms of Service). Sifuentes never assented to any of the updated terms as he never read, scrolled on are clicked on any hyperlink, therefore no delegation clause is established. Sifuentes does not agree to delegate any arbitration issues because he never agreed to arbitrate as discussed in this document.

Dropbox claims that Sifuentes agreed to arbitrate because Drobox kept updating there (TOS)'s up to twelve times and according to Wendy Weber this indicates an agreement to arbitrate. Sifuentes never clicked on any terms and conditions that required him to arbitrate and Sifuentes never read are opened on any emails that contained the link the updated (TOS).

This court should not compel arbitration as it is not enforceable in this matter. Sifuentes never agreed to arbitrate and never read are consented to any of the updated (TOS)'s that contained the arbitration agreement that was added in March 2014 as indicated by Wendy Weber docket no. 40

(Attachment 1, Exhibit B Dropbox email containing the March 24, 2014 arbitration clause, and Exhibit G Dropbox's March 24, 2014 Terms and Conditions.)

Sifuentes is not bound to a contractual provision which he is unaware of. *In Re Holl, 925 F.3d 1076 (9th Cir. 2019)*. This court is not bound to send this matter to an arbitrator to decide whether arbitration is required because there has to be an agreement to arbitrate. *Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985)*. An agreement must be formed under contract. *First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943-45 (1995);Bruni v. Didion, 160 Cal. App. 4th 1272, 1283 (2008)*. Because Sifuentes never read, clicked on any emails, updated (TOS)'s he is not bound to the 2014 added arbitration clause and this court cannot enforce any now added arbitration clause therefore this court must deny counsel's motion to compel arbitration. *See Nguyen v. Barnes Noble Inc., 763 F.3d 1171 (9th Cir. 2014)* (holding where terms are posted via hyperlink at the bottom of a website, and the user is not required to manifest assent to those terms is generally unenforceable).

### *ii. Objections to a stay and the proposed order.*

Sifuentes objects to any stay to decide arbitration and the proposed order as Sifuentes is not subject to any arbitration clause or delegation clause or any other reasons concerning why arbitration is required.

## CONCLUSION

**WHERFORE**, Sifuentes objects to any and all reasons why arbitration should proceed, Sifuentes never read, clicked on any emails, or agreed in any way to the updated 2014 arbitration clause as Sifuentes was required to read and acknowledged the updated terms he was never aware of updated arbitration clause and subject to the 2011 (TOS) which only contains an agreement to go to Federal or State Court in California to resolve any ligation. This Court should not enforce any arbitration, as it is clear that Sifuentes never agreed to the updated (TOS)'s concerning the arbitration clause.

Respectfully submitted,

By: _/s/_
Plaintiff In Pro Per
David Angel Sifuentes III
439 More St. Ne Unit 2
Grand Rapids, MI 49503
(616) 283-5215
davidsifuentes61@yahoo.com

Dated: September 27, 2021

## CERTIFICATE OF SERVICE

I, David Angel Sifuentes III, hereby certify that I emailed a copy of the foregoing one copy of Plaintiffs Opposition to compel arbitration, declaration in support, and proposed order to Dropbox's counsel Michele Floyd via email address mfloyd@srclaw.com.

DATED: September 27, 2021

_____
Plaintiff In Pro Per
David Angel Sifuentes III
439 More St. NE Unit 2
Grand Rapids, MI 49503
(616) 283-5215
davidsifuentes61@yahoo.com