UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANGEL SIFUENTES,<br><br>   Plaintiff,<br><br>   v.<br><br>DROPBOX, INC.,<br><br>   Defendant. | Case No. 20-cv-07908-HSG<br><br>**ORDER DENYING MOTION FOR VIDEO OR TELEPHONIC HEARING AND TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 38 |

Pending before the Court is pro se plaintiff David Angel Sifuentes's motion for video or telephonic hearing and for appointment of counsel. *See* Dkt. No. 38 ("Mot.").

**I.   PLAINTIFF'S REQUEST FOR VIDEO OR TELEPHONIC HEARINGS**

Prior to each hearing, parties will be notified of the format of the hearing, *i.e.* whether the hearing will be held in-person, via telephone, or over Zoom. The parties can also refer to the scheduling notes on the website for the United States District Court for the Northern District of California (cand.uscourts.gov/judges/gilliam-haywood-s-hsg/) for updated information on the Court's standard practices. Any requests to change the format of a hearing should be made on a hearing-by-hearing basis. Therefore, Plaintiff's request for video or telephonic hearings is **DENIED**.

**II.   PLAINTIFF'S REQUEST FOR COURT-APPOINTED COUNSEL**

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to

articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

Here, Plaintiff contends that his case has merit "as it involves the right to privacy and other legal issues presented" and that he requires the assistance of counsel. Mot. at 1-2. Plaintiff argues that he cannot afford an attorney and needs an attorney to attend hearings on his behalf. *Id.* at 1. Plaintiff also contends that he would benefit from an attorney's assistance in presenting his case, addressing complex issues, and obtaining discovery. *Id.* At this early stage in the litigation and in light of Defendant's pending motion to compel arbitration, *see* Dkt. No. 40, the likelihood of Plaintiff's success on the merits is unclear. Plaintiff has so far navigated filing a complaint, *see* Dkt. No. 1, filing an amended complaint, *see* Dkt. No. 10, and responding to a motion to compel arbitration, *see* Dkt. No. 42. The Court finds that although the privacy issues implicated in Plaintiff's allegations might turn out to be complex, Plaintiff has proven capable of articulating his claims and responding to Defendant's motion. *See* Dkt. Nos. 10, 42. Plaintiff's request for appointment of counsel is therefore **DENIED** for lack of exceptional circumstances.

**IT IS SO ORDERED.**

Dated: 11/15/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge