UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANGEL SIFUENTES,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC.,<br><br>Defendant. | Case No. 20-cv-07908-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 65 |

Defendant Dropbox, Inc. has filed a motion for leave to file a motion for reconsideration, Dkt. No. 65 ("Mot."), of the Court's June 29, 2022 Order Denying Motion to Compel Arbitration. *See* Dkt. No. 57 ("Order"). Plaintiff submitted an opposition, Dkt. No. 71, and the Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). Having considered Defendant's motion, the Court **DENIES** it.

Civil Local Rule 7-9 allows a party to seek reconsideration on the following bases:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Defendant argues that the Court should reconsider its Order because three cases, *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849 (9th Cir. 2022), *B.D. v. Blizzard Entm't, Inc.*, 76 Cal. App. 5th 931 (Cal. 4th Dist. Ct. App. 2022), and *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444

1  (Cal. 4th Dist. Ct. App. 2021), "constitute new law under Civil Local Rule 7-9 and the Court did
2  not have the benefit of argument on the three new cases." Mot. at 3; *see* Civil L.R. 7-9(b)(1).
3  Defendant further asserts that "based on the new law, the Court's failure to consider the context of
4  the parties' transaction constituted a manifest failure to consider material facts that Dropbox
5  presented to the Court before such interlocutory order." Mot. at 1; *see* Civil L.R. 7-9(b)(3).

6  Defendant fails to show any manifest legal or factual failure warranting reconsideration.
7  First, the Order discussed the *Berman* case at length. Defendant may disagree with the Court's
8  reading of the import of the case, but that is an issue for appeal, not reconsideration. Second,
9  Defendant could have sought leave to present these cases as supplemental authority under Local
10 Rule 7-3(d), but didn't, and these cases did not create a material difference in the law the Court
11 relied on in any event. And third, nothing about these cases establishes any manifest "failure to
12 consider the context." *See Rupert v. Bond*, No. 12-CV-05292-BLF, 2015 WL 78739, at *2 (N.D.
13 Cal. Jan. 6, 2015), *aff'd*, 771 F. App'x 777 (9th Cir. 2019) ("A manifest error of law is not merely
14 one in which the party disagrees with the Court, but instead is the wholesale disregard,
15 misapplication, or failure to recognize controlling precedent on the part of the court.") (citations
16 omitted). As detailed in the Order, the Court considered the totality of the relevant circumstances,
17 including the text of the agreement, the communications between the parties, and the parties'
18 ongoing relationship at the time of the alleged contract revisions. *See generally* Dkt. No. 57.

19 Accordingly, the Court finds that these cases do not amount to a material difference in law
20 or show any manifest failure by the Court to consider material facts or dispositive legal arguments.
21 Defendant's motion for leave to file a motion for reconsideration is therefore **DENIED**.

22 **IT IS SO ORDERED.**

23 Dated: 8/16/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge